## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br>1130 17th Street, N.W.<br>Washington, D.C. 20036,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, NW<br>Washington, DC 20240,<br><br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>U.S. BUREAU OF LAND MANAGEMENT,<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO: 18-2572<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      Defenders of Wildlife ("Defenders") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Department of the Interior's regulations implementing FOIA ("DOI's FOIA regulations"), 43 C.F.R. § 2.1 *et seq*.

2.      The federal government is currently engaged in environmental planning processes and other activities related to proposed exploration and leasing of oil and gas resources on the Coastal Plain of the Arctic National Wildlife Refuge ("Arctic Refuge") in Alaska, which serves

as crucial habitat for hundreds of species. Despite being a matter of significant public interest, the public has very little information about what these planning processes and activities entail. Defenders, therefore, submitted FOIA requests to the three defendants in this matter, the U.S. Department of the Interior, the U.S. Fish and Wildlife Service, and the U.S. Bureau of Land Management, to obtain information necessary to increase public understanding of government operations related to fossil fuel development in the Arctic Refuge.

3.      Defendants, however, have failed to produce any records in response to these FOIA requests, in violation of the mandatory time limits established by FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a). Defendants have also violated FOIA and DOI's FOIA regulations because they failed to notify Plaintiff of any future dates by which they expect to complete processing these requests. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a)(2).

4.      Therefore, Plaintiff respectfully requests this Court declare that Defendants are in violation of FOIA, compel Defendants to immediately produce by a date certain all non-exempt records responsive to Plaintiff's six FOIA requests, award Plaintiff costs and reasonable attorneys' fees in this action, and grant such other relief as this Court may deem just and proper.

## JURISDICTION AND VENUE

5.      Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court has jurisdiction and venue over this action.

## PARTIES

6.      Plaintiff Defenders is a non-profit membership organization that is one of the nation's leading advocates for endangered species and wildlife conservation. Founded in 1947, Defenders is headquartered in Washington, D.C. and maintains six regional field offices

throughout the country. Defenders is a science-based conservation organization with more than 1.8 million members and supporters nationwide and around the world, including approximately 4,900 members, donors, and activists in Washington, D.C. and 6,300 in Alaska. Defenders is dedicated to the protection of all native wild animals and plants in their natural communities and the preservation of the habitats upon which they depend. Defenders uses education, public outreach, science, policy, and litigation, along with legislative and administrative advocacy, to defend the species, ecosystems, and habitats that are central to the organization's mission, including with respect to the Arctic National Wildlife Refuge. Defenders has worked for decades to safeguard the Arctic Refuge from destructive oil and gas development. Protecting this vital unit of the National Wildlife Refuge System is key to implementing Defenders' vision to ensure that diverse wildlife populations are secure and thriving, sustained by a healthy and intact network of lands and waters.

7.      Defendant U.S. Department of the Interior ("DOI") is ultimately responsible for the administration and implementation of the Department's FOIA obligations, for managing the National Wildlife Refuge System through the U.S. Fish and Wildlife Service, including the Arctic Refuge, and for administering the congressionally legislated oil and gas program on the Coastal Plain.

8.      Defendant U.S. Fish and Wildlife Service ("FWS" or "the Service") is a federal agency within DOI that is responsible for the administration and implementation of the Service's FOIA obligations, and for the administration of the National Wildlife Refuge System and the Endangered Species Act on behalf of DOI.

9.      Defendant U.S. Bureau of Land Management ("BLM" or "the Bureau") is a federal agency within DOI that is responsible for the administration and implementation of the

Bureau's FOIA obligations, and for management of certain activities related to an oil and gas program on the Coastal Plain of the Arctic Refuge.

## STATUTORY BACKGROUND

10.    The Freedom of Information Act requires federal agencies to provide agency records to the public upon request, except for agency records that are exempt from disclosure. 5 U.S.C. § 552(a)(3)(A), (b).

11.    FOIA requires an agency to determine within 20 working days following the receipt of a FOIA request "whether to comply with such request" and to "immediately notify the person making such request of… such determination and the reasons therefor." *Id*. § 552(a)(6)(A)(i), (a)(6)(A)(i)(I).

12.    If "unusual circumstances" exist, the agency may extend the response time for a period that ordinarily may not exceed an additional ten working days. *Id*. § 552(a)(6)(B)(i). When an agency does so, it must provide a requester with notice, along with "the date on which a determination is expected to be dispatched." *Id*.

13.    Under DOI's FOIA regulations "[o]rdinarily, the bureau has 20 workdays… to determine whether to comply with a request…" 43 C.F.R. § 2.16(a).

14.    DOI's FOIA regulations also provide that a bureau within the agency "may extend the basic time limit, if unusual circumstances exist," but it must notify the requester of the unusual circumstances and "[t]he date by which it expects to complete processing the request." *Id*. § 2.19(a).

## STATEMENT OF FACTS

### Arctic Refuge Background

15.     Located in northeastern Alaska, the Arctic National Wildlife Refuge is known for

"its wildness and naturalness—a place of undisturbed wildlife and wild landscapes." FWS, *A*

*Sense of the Refuge: Arctic National Wildlife Refuge* 3 (2011),

https://www.fws.gov/uploadedFiles/Region_7/NWRS/Zone_1/Arctic/PDF/Sense%20of%20the%

20Refuge%20booklet%20web.pdf. This wildlife haven is home to hundreds of species, boasting

the greatest biodiversity of any protected area north of the Arctic Circle. FWS, *Arctic National*

*Wildlife Refuge: Revised Comprehensive Conservation Plan: Final Environmental Impact*

*Statement* app. F (2015), https://www.fws.gov/home/arctic-ccp/ [hereinafter *Revised*

*Comprehensive Conservation Plan*]. The Arctic Refuge is an exceptional unit of the National

Wildlife Refuge System, the only federal network of lands and waters dedicated to "the

conservation, management, and where appropriate, restoration of the fish, wildlife, and plant

resources and their habitats..." 16 U.S.C. § 668dd(a)(2).

16.     The Arctic Refuge's 1.57 million-acre Coastal Plain, also referred to as "the

Section 1002 Area," provides critical denning habitat for federally protected polar bears, resting,

feeding and breeding habitat for more than 100 species of migratory birds, and supports an array

of other wildlife. *Revised Comprehensive Conservation Plan* ch. 4 at 4 - 2, 4 - 118, app. F. It is

also the principal calving and post-calving ground for more than 200,000 animals that comprise

the Porcupine caribou herd, and an area sacred to the indigenous Gwich'in people who depend

on the caribou for subsistence and as part of their cultural identity. *Id.* ch. 4 at 4 - 99, 4 – 178;

Press Release, Alaska Department of Fish and Game, Porcupine Caribou Herd Grows to Record

High Numbers (Jan. 2, 2018),

http://www.adfg.alaska.gov/index.cfm?adfg=pressreleases.pr&release=2018_01_02.

17.     The Arctic Refuge and its Coastal Plain were first protected in 1960 by the

Eisenhower administration as the Arctic National Wildlife Range "[f]or the purpose of

preserving unique wildlife, wilderness and recreational values…." *Establishing the Arctic*

*National Wildlife Range,* Public Land Order 2214, F.R. Doc. 60-11510 (Dec. 8, 1960). In 1980,

Congress expanded and re-designated the area as a national wildlife refuge for the conservation

of fish, wildlife and habitats in their natural diversity, fulfillment of international wildlife treaty

obligations, provision of subsistence opportunities, and preservation of refuge water resources.

Alaska National Interest Lands Conservation Act, Pub. L. No. 96-487, § 303(2)(A)-(B), 94 Stat.

2390 (1980). In 2015, after an extensive scientific assessment of refuge resources that included

significant public input, the U.S. Fish and Wildlife Service recommended congressional

Wilderness designation for the Coastal Plain as part of its Revised Comprehensive Conservation

Plan for the Arctic Refuge. FWS, *Record of Decision: Revised Comprehensive Conservation*

*Plan: Arctic National Wildlife Refuge* 13 (Apr. 3, 2015), https://www.fws.gov/home/arctic-ccp/

[hereinafter *Record of Decision*].

18.     Legislative efforts to open the Coastal Plain to oil and gas development were

repeatedly defeated for decades until Congress included a controversial provision in the budget

reconciliation process for the tax reform bill last year. On December 22, 2017, President Donald

J. Trump signed the legislation into law, directing the Secretary of the Interior, acting through the

BLM, to "establish and administer a competitive oil and gas program for the leasing,

development, production, and transportation of oil and gas" on the Coastal Plain of the Arctic

Refuge. To Provide for Reconciliation Pursuant to Titles II and V of the Concurrent Resolution

on the Budget for Fiscal Year 2018, Pub. L. No. 115-97, § 20001(a)(2), (b)(2)(A), 131 Stat. 2236

(Dec. 22, 2017). This act further required the Secretary, through the BLM, to hold at least two

lease sales in this area within ten years. *Id*. § 20001(c)(1)(A).

19.     The BLM is currently preparing an Environmental Impact Statement for the

Coastal Plain Oil and Gas Leasing Program, which is a study that would in part analyze various

alternative lease sale plans and their potential environmental impacts on the Arctic Refuge.

BLM, *Coastal Plain Oil and Gas Leasing Program EIS* (last visited Nov. 5, 2018),

https://www.blm.gov/programs/planning-and-nepa/plans-in-development/alaska/coastal-plain-

eis.

20.     The agency is also currently evaluating SAExploration Inc.'s proposal to conduct

seismic exploration across the entire Coastal Plain beginning this winter. BLM, *SAExploration

Inc. Seismic Application* (last updated Aug. 10, 2018), https://eplanning.blm.gov/epl-front-

office/eplanning/projectSummary.do?methodName=renderDefaultProjectSummary&projectId=1

11085.

21.     Oil and gas activities on the Coastal Plain would threaten sensitive species,

irreplaceable public lands and the Gwich'in way of life. FWS, *Arctic National Wildlife Refuge:

Potential Impacts of Proposed Oil and Gas Development on the Arctic Refuge's Coastal Plain:

Historical Overview and Issues of Concern* 8-10 (2001),

https://training.fws.gov/Pubs7/arctic_oilandgas_impact.pdf [hereinafter *Potential Impacts of

Proposed Oil and Gas Development*]; Gwich'in Steering Committee et al., *A Moral Choice for

the United States: The Human Rights Implications for the Gwich'in of Drilling in the Arctic

National Wildlife Refuge* iii (2005), http://ourarcticrefuge.org/wp-

content/uploads/2012/10/GSChumanrightsreport.pdf. Scientists have expressed their concerns

that exploration and drilling would upset ecological processes and impact entire wildlife populations. *See, e.g.* Letter from R. Terry Bowyer, Ph.D., Professor Emeritus, Wildlife Ecology, Univ. of Alaska Fairbanks et al. to the Honorable Lisa Murkowski, Chair, Comm. on Energy and Natural Res., U.S. Senate & the Honorable Maria Cantwell, Ranking Member, Comm. on Energy and Natural Res., U.S. Senate (Nov. 9, 2017), https://www.audubon.org/sites/default/files/arctic_refuge_science_letter_2017_11_09_final_000 00003.pdf. Seismic testing would scar the fragile tundra and affect imperiled polar bears, potentially sending the species into further decline. *Potential Impacts of Proposed Oil and Gas Development* at 10-12. Industrial development would alter the landscape, turning habitat into a steel spider's web of pipelines from a large number of drill pads, along with airstrips, gravel pits, power plants, landfills and other infrastructure, with consequences for caribou and other species. *Id*. at 7-8, 13. Oil spills could devastate refuge ecosystems. These threats would be compounded in an area that is already ground zero for climate change – the Arctic is warming at more than twice the rate as the rest of the planet. Jeff Tollefson, *Huge Arctic Report Ups Estimates of Sea-Level Rise: Report Prompts Warnings That the Polar Region is "Unraveling*," Nature (Apr. 28, 2017), https://www.nature.com/news/huge-arctic-report-ups-estimates-of-sea-level-rise-1.21911.

22.     Oil and gas development in the Arctic Refuge is a matter of significant public interest. The Service received 612,285 individual communications on the refuge's Draft Revised Comprehensive Conservation Plan and Draft Environmental Impact Statement in 2011, nearly all of which called for protection of the Coastal Plain of the Arctic Refuge. *Record of Decision* at 10-11. Polling in 2017 found that 70 percent of American voters are opposed to drilling in the refuge. Anthony Leiserowitz et al., *Americans Oppose Drilling in Arctic National Wildlife Refuge*, Yale Program on Climate Change Communication (Dec. 4, 2017),

http://climatecommunication.yale.edu/publications/americans-oppose-drilling-arctic-national-

wildlife-refuge/. More than 750,000 public scoping comments were submitted on the BLM's

recent Notice of Intent to Prepare an Environmental Impact Statement for the Coastal Plain Oil

and Gas Leasing Program. BLM, *Coastal Plain Oil and Gas Leasing Program: Environmental*

*Impact Statement: Final Scoping Report* ch. 2 at 2 - 1 (July 2018), https://eplanning.blm.gov/epl-

front-

office/projects/nepa/102555/152084/186300/Coastal_Plain_Leasing_EIS_Final_Scoping_Report

_508.pdf. Legislation is currently pending in Congress to repeal the Arctic Refuge oil and gas

program and restore protections for the Coastal Plain. *See* Arctic Cultural and Coastal Plain

Protection Act, H.R. 5911, 115th Cong. § 4 (2018).

23.     FWS, DOI, and BLM have released little information to the public regarding the

environmental planning processes and other activities related to the proposed exploration, leasing

and extraction of oil and gas resources in the Coastal Plain and the impacts that development will

have on Arctic Refuge wildlife and habitat.

**FWS FOIA Requests**

**A.  February 2018 FWS FOIA Request**

24.     On February 5, 2018, Defenders submitted a FOIA request via email to the

Alaska Region of FWS ("the February 2018 FWS FOIA Request"). *See* Letter from Jennifer L.

Keatinge, Senior Federal Lands Policy Analyst, Defenders, to Lynne Santos, FOIA Coordinator,

Division of Administrative Services, FWS (Feb. 5, 2018) (attached hereto as Exhibit A). The

February 2018 FWS FOIA Request sought "records generated, obtained or received by [the

Alaska Region of FWS] since November 3, 2017 related to assessment, exploration and potential

development of oil and gas resources in the Coastal Plain (Section 1002 Area) of the Arctic National Wildlife Refuge." *Id*. at 1.

25.     To date, FWS has not provided any records responsive to the February 2018 FWS FOIA Request.

26.     On February 6, 2018 the Alaska Region of FWS, otherwise known as "Region 7," sent Defenders an email that acknowledged that the agency received the February 2018 FWS FOIA Request on February 5, 2018, assigning it tracking number FWS-2018-00436. The email furthermore notified Defenders that the Service would take a 10-workday extension pursuant to 43 C.F.R. § 2.19 in order to consult about this request with another agency or with other components of DOI. FWS stated in this email that it expected to "dispatch a determination to you no later than March 19, 2018." FWS failed to dispatch a determination by March 19, 2018.

27.     On April 11, 2018, FWS notified Defenders by email that the agency was taking another extension because it would be searching for and collecting records in multiple offices. In this email, FWS asserted that "[w]e anticipate we will be able to complete your request by April 26th, 2018." FWS failed to complete the request by April 26, 2018.

28.     Defenders consistently inquired with FWS about the status of the February 2018 FWS FOIA Request, including on April 6, 2018, May 3, 2018, and June 21, 2018, repeatedly offering to assist the agency in facilitating tender of responsive records.

29.     On July 20, 2018, Defenders emailed FWS Region 7, providing it with notice that the agency was in violation of FOIA for failing to meet (1) the determination deadlines established by the Act and (2) the Act's requirement to provide an estimated date by which the agency would complete the request. In this notice, Defenders stressed that "*[t]ime is of the essence* as the requested records are essential to public understanding of government operations,

namely management of oil and gas development on the Coastal Plain of the Arctic National

Wildlife Refuge." (emphasis in original).

30.     FWS has not provided Defenders with a future estimate for when it expects to

complete processing the February 2018 FWS FOIA Request.

**B.  July 2018 FWS FOIA Request**

31.     On July 25, 2018, Defenders submitted a FOIA request via email to the Alaska

Region of FWS ("the July 2018 FWS FOIA Request"). *See* Letter from Jennifer L. Keatinge,

Senior Federal Lands Policy Analyst, Defenders, to Maria Rivero, FOIA & Records, FWS (July

25, 2018) (attached hereto as Exhibit B). The July 2018 FWS FOIA Request sought a specific set

of related documents, that is "records generated, obtained or received by [FWS] regarding seismic

exploration for oil and gas reserves in the coastal plain (Section 1002 Area) of the Arctic National

Wildlife Refuge since April 1, 2018." *Id*. at 1. Explaining the "compelling need" for the records at

issue in the July 2018 FWS FOIA Request, Plaintiff asked that FWS grant the request "expedited

processing" pursuant to 5 U.S.C. § 552(a)(6)(E) and 43 C.F.R. § 2.20. *Id*. at 2.

32.     To date, FWS has not provided any records responsive to the July 2018 FWS

FOIA Request.

33.     FWS has not provided any formal acknowledgement letter in response to this

request, nor has it provided Defenders with any letter denying its request for expedited

processing. However, following two inquiries from Defenders, FWS stated via telephone call on

August 28, 2018 that it had received the July 2018 FWS FOIA Request and assigned it tracking

number FWS-2018-01159.

34.     Defenders consistently inquired with FWS about the status of the July 2018 FWS FOIA Request, including on August 23, 2018, August 28, 2018, and October 22, 2018, repeatedly offering to assist the agency in facilitating tender of responsive records.

35.     On October 30, 2018, Defenders emailed FWS Region 7, providing it with notice that the agency was in violation of FOIA for failing to meet (1) the determination deadlines established by the Act and (2) the Act's requirement to provide an estimated date by which the agency would complete the request. In this notice, Defenders stressed that "*[t]ime is of the essence* as the requested records are essential to public understanding of government operations, namely management of seismic exploration on the Coastal Plain of the Arctic National Wildlife Refuge." (emphasis in original).

36.     FWS has not provided Defenders with a future estimate for when it expects to complete processing the July 2018 FWS FOIA Request.

## DOI FOIA Requests

### A. April 2018 DOI FOIA Request

37.     On April 3, 2018 Defenders submitted a FOIA request via email to the Office of the Secretary of DOI ("the April 2018 DOI FOIA Request") "seeking records generated, obtained or received by [DOI] related to planning, exploration, leasing and development of oil and gas resources on the Coastal Plain (Section 1002 Area) since November 15, 2017." *See* Letter from Jennifer Keatinge, Senior Federal Lands Policy Analyst, Defenders, to Clarice Julka, Office of the Secretary, DOI (April 3, 2018) (attached hereto as Exhibit C).

38.     To date, DOI has not provided Defenders with any records responsive to the April 2018 DOI FOIA Request.

39.     On June 12, 2018 the Office of the Secretary of DOI ("Office of the Secretary")
responded to the April 2018 DOI FOIA Request by email acknowledging that it received the
request on April 3, 2018, and assigned it tracking number OS-2018-00978. The response
furthermore notified Defenders that the Department would take a 10-workday extension pursuant
to 43 C.F.R. § 2.19 in order to consult with one or more other bureaus in the Department.

40.     Defenders consistently inquired with the Office of the Secretary about the status
of the April 2018 DOI FOIA Request, including on June 12, 2018 and June 21, 2018, offering to
assist the Department in facilitating tender of responsive documents.

41.     On September 12, 2018 Defenders contacted the Office of the Secretary by email,
providing it with notice that the Department was in violation of FOIA for failing to meet (1) the
determination deadlines established by the Act and (2) the Act's requirement that the agency
provide an estimated date by when it would complete the request. In this notice, Defenders
stressed that "*[t]ime is of the essence* as the requested records are essential to public
understanding of government operations, namely management of oil and gas development on the
Coastal Plain of the Arctic National Wildlife Refuge." (emphasis in original).

42.     DOI has not provided Defenders with an estimated date by when it expects to
complete processing the April 2018 DOI FOIA Request.

**B.  July 2018 DOI FOIA Request**

43.     On July 27, 2018 Defenders submitted a FOIA request via email to the Office of
the Secretary of DOI ("the July 2018 DOI FOIA Request") seeking a specific set of related
documents, that is "records generated, obtained or received by [DOI] regarding seismic
exploration for oil and gas reserves in the coastal plain (Section 1002 Area) of the Arctic
National Wildlife Refuge since April 1, 2018." *See* Letter from Jennifer Keatinge, Senior Federal

Lands Policy Analyst, Defenders, to Clarice Julka, Office of the Secretary, DOI (July 27, 2018) (attached hereto as Exhibit D). Explaining the "compelling need" for the records at issue in the July 2018 DOI FOIA Request, Plaintiff asked that DOI grant the request for "expedited processing" pursuant to 5 U.S.C. § 552(a)(6)(E) and 43 C.F.R. § 2.20. *Id*. at 2.

44.     To date, DOI has not provided Defenders with any records responsive to the July 2018 DOI FOIA Request.

45.     On August 10, 2018 the Office of the Secretary responded to the July 2018 DOI FOIA Request by email with an acknowledgment letter stating that it had received the request on July 27, 2018, and assigned it tracking number OS-2018-01447. This acknowledgement furthermore stated that DOI was declining to grant Plaintiff's request for expedited processing. The response also notified Defenders that the Department would take a 10-workday extension pursuant to 43 C.F.R. § 2.19 in order to consult with one or more other bureaus in the Department. Finally, this letter stated "[y]ou can expect to hear from us promptly regarding the outcome of this search."

46.     Defenders consistently inquired with the Office of the Secretary about the status of the July 2018 DOI FOIA Request, including on August 30, 2018 and October 22, 2018, offering to assist the Department in facilitating tender of responsive documents.

47.     On October 30, 2018 Defenders contacted the Office of the Secretary by email, providing it with notice that the Department was in violation of FOIA for failing to meet (1) the determination deadlines established by the Act and (2) the Act's requirement that the agency provide an estimated date by when it would complete the request. In this notice, Defenders stressed that "*[t]ime is of the essence* as the requested records are essential to public

understanding of government operations, namely management of seismic exploration on the

Coastal Plain of the Arctic National Wildlife Refuge." (emphasis in original).

48.     DOI has not provided Defenders with an estimated date by when it expects to

complete processing the July 2018 DOI FOIA Request.

## BLM FOIA Requests

### A.  April 2018 BLM FOIA Request

49.     On April 3, 2018 Defenders submitted a FOIA request via email to the Alaska

State Office of BLM ("the April 2018 BLM FOIA Request") "seeking records generated,

obtained or received by the Alaska State Office of [BLM] related to planning, exploration,

leasing and development of oil and gas resources on the Coastal Plain (Section 1002 Area) since

November 15, 2017." *See* Letter from Jennifer Keatinge, Senior Federal Lands Policy Analyst,

Defenders, to Heidi Wanner, FOIA Coordinator, Alaska State Office, BLM (April 3, 2018)

(attached hereto as Exhibit E).

50.     To date, BLM has not provided Defenders with any records responsive to the

April 2018 BLM FOIA Request.

51.     On April 25, 2018 the Alaska State Office of BLM responded to the April 2018

BLM FOIA Request by email acknowledging that it received the request on April 3, 2018,

assigning it tracking number BLM-2018-00691. The agency provided no estimated date by when

it would complete processing the April 2018 BLM FOIA Request. However, the response

asserted that "[w]e will be providing you with document releases on a rolling basis." The BLM

has never provided Defenders with an interim release of responsive documents.

52.     Defenders consistently inquired with the BLM about the status of the April 2018

BLM FOIA Request, including on June 20, 2018, July 20, 2018, July 24, 2018, August 22, 2018,

and August 28, 2018, repeatedly offering to assist the agency to facilitate release of responsive records.

53.     On September 12, 2018 Defenders emailed the Alaska State Office of BLM to provide the agency with notice that it was in violation of FOIA for failing to meet (1) the determination deadlines established by the Act and (2) the Act's requirement that the agency provide an estimated date by when it would complete the request. In this notice, Defenders stressed that "*Time is of the essence* as the requested records are essential to public understanding of government operations, namely management of oil and gas development on the Coastal Plain of the Arctic National Wildlife Refuge." (emphasis in original).

54.     The BLM has not provided Defenders with an estimated date by when it expects to complete processing the April 2018 BLM FOIA Request

**B.  July 2018 BLM FOIA Request**

55.     On July 27, 2018 Defenders submitted a FOIA request via email to the Alaska State Office of BLM ("the July 2018 BLM FOIA Request") seeking a specific set of related documents, that is "records generated, obtained or received by the [BLM] regarding seismic exploration for oil and gas reserves in the coastal plain (Section 1002 Area) of the Arctic National Wildlife Refuge since April 1, 2018." *See* Letter from Jennifer Keatinge, Senior Federal Lands Policy Analyst, Defenders, to Heidi Wanner, FOIA Coordinator, Alaska State Office, BLM (July 27, 2018) (attached hereto as Exhibit F). Explaining the "compelling need" for the records at issue in the July 2018 BLM FOIA Request, Plaintiff asked that the BLM grant the request "expedited processing" pursuant to 5 U.S.C. § 552(a)(6)(E) and 43 C.F.R. § 2.20. *Id*. at 2.

56.     To date, BLM has not provided Defenders with any records responsive to the July 2018 BLM FOIA Request.

57.     On August 6, 2018 the Alaska State Office of BLM responded to the July 2018 BLM FOIA Request with an acknowledgement letter stating that it received the request on July 27, 2018, assigning it tracking number BLM-2018-01137. This acknowledgement furthermore stated that the BLM was declining to grant Plaintiff's request for expedited processing of the July 2018 BLM FOIA Request, but provided no estimated date by when the agency would complete processing of the request.

58.     Defenders consistently inquired with the BLM about the status of the July 2018 BLM FOIA Request, including on August 28, 2018 and October 22, 2018, offering to assist the agency in facilitating tender of responsive documents.

59.     On October 30, 2018 Defenders emailed the Alaska State Office of BLM to provide the agency with notice that it was in violation of FOIA for failing to meet (1) the determination deadlines established by the Act and (2) the Act's requirement that the agency provide an estimated date by when it would complete the request. In this notice, Defenders stressed that "*[t]ime is of the essence* as the requested records are essential to public understanding of government operations, namely management of seismic exploration on the Coastal Plain of the Arctic National Wildlife Refuge." (emphasis in original).

60.     The BLM has not provided Defenders with an estimated date by when it expects to complete processing the July 2018 BLM FOIA Request.

## CLAIMS FOR RELIEF

### Count One: Violation of FOIA In Responding to the February 2018 FWS FOIA Request

61.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint.

62.     By failing to produce any records in response to the February 2018 FWS FOIA Request, Defendants FWS and DOI are in violation of the mandatory time limits established under FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a).

63.     By failing to set forth any future date by when FWS will complete processing the February 2018 FWS FOIA Request, Defendants FWS and DOI are in violation of FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a).

### Count Two: Violation of FOIA In Responding to the July 2018 FWS FOIA Request

64.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint.

65.     By failing to produce any records in response to the July 2018 FOIA Request, Defendants FWS and DOI are in violation of the mandatory time limits established under FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a).

66.     By failing to set forth any future date by when FWS will complete processing the July 2018 FWS FOIA Request, Defendants FWS and DOI are in violation of FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a).

**Count Three: Violation of FOIA in Responding to the April 2018 DOI FOIA Request**

67.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint.

68.      By failing to produce any records in response to the April 2018 DOI FOIA Request, Defendant DOI is in violation of the mandatory time limits established under FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a).

69.      By failing to set forth any future date by when DOI will complete processing the April 2018 DOI FOIA Request, Defendant DOI is in violation of FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a).

**Count Four: Violation of FOIA in Responding to the July 2018 DOI FOIA Request**

70.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint.

71.      By failing to produce any records in response to the July 2018 DOI FOIA Request, Defendant DOI is in violation of the mandatory time limits established under FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a).

72.      By failing to set forth any future date by when DOI will complete processing the July 2018 DOI FOIA Request, Defendant DOI is in violation of FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a).

**Count Five: Violation of FOIA in Responding to the April 2018 BLM FOIA Request**

73.      Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint.

74.      By failing to produce any records in response to the April 2018 BLM FOIA Request, Defendants BLM and DOI are in violation of the mandatory time limits established

under FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a).

75.     By failing to set forth any future date by when the BLM will complete processing the April 2018 BLM FOIA Request, Defendants BLM and DOI are in violation of FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a).

### Count Six: Violation of FOIA in Responding to the July 2018 BLM FOIA Request

76.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs of this Complaint.

77.     By failing to produce any records in response to the July 2018 BLM FOIA Request, Defendants BLM and DOI are in violation of the mandatory time limits established under FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19(a).

78.     By failing to set forth any future date by when the BLM will complete processing the July 2018 BLM FOIA Request, Defendants BLM and DOI are in violation of FOIA and DOI's FOIA regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. § 2.19(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1.     Declare that Defendants DOI and FWS are in violation of FOIA and DOI's FOIA regulations with respect to FWS's ongoing failure to process the February 2018 FWS FOIA Request and July 2018 FWS FOIA Request;

2.     Order Defendants DOI and FWS to immediately produce by a date certain all non-exempt records responsive to the February 2018 FWS FOIA Request and July 2018 FWS FOIA Request;

3.      Declare that Defendant DOI is in violation of FOIA and DOI's FOIA regulations with respect to its ongoing failure to process the April 2018 DOI FOIA Request and July 2018 DOI FOIA Request;

4.      Order Defendant DOI to immediately produce by a date certain all non-exempt records responsive to the April 2018 DOI FOIA Request and July 2018 DOI FOIA Request;

5.      Declare that Defendants DOI and BLM are in violation of FOIA and DOI's FOIA regulations with respect to the BLM's ongoing failure to process the April 2018 BLM FOIA Request and July 2018 BLM FOIA Request;

6.      Order Defendants DOI and BLM to immediately produce by a date certain all non-exempt records responsive to the April 2018 BLM FOIA Request and July 2018 BLM FOIA Request;

7.      Award Plaintiff costs and reasonable attorneys' fees in this action pursuant to U.S.C. § 552(a)(4)(E); and

8.      Grant such other and further relief as this Court may deem just and proper.

November 8, 2018                          Respectfully submitted,

                                          /s/ Michael P. Senatore
                                          Michael P. Senatore (D.C. Bar No. 453116)
                                          DEFENDERS OF WILDLIFE
                                          1130 17th Street, N.W.
                                          Washington, D.C. 20036
                                          Telephone: (202) 772-3221
                                          Facsimile: (202) 682-1331
                                          msenatore@defenders.org

                                          /s/ Jason C. Rylander
                                          Jason C. Rylander (D.C. Bar No. 474995)
                                          DEFENDERS OF WILDLIFE
                                          1130 17th Street, N.W.
                                          Washington, D.C. 20036

Telephone: (202) 772-3245
Facsimile: (202) 682-1331
jrylander@defenders.org

*Attorneys for Defenders of Wildlife*